UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT THOMAS EDWARDS,

    Plaintiff,

v.

MICHAEL CHERTOFF, et al.,

    Defendant.

No. C05-716P

ORDER DENYING PLAINTIFF'S MOTION FOR MANDAMUS AND DISMISSING PLAINTIFF'S CASE

    This matter comes before the Court on Plaintiff's Motion for Mandamus and Injunctive Relief. The Court considered Plaintiff's Motion, Declaration, Complaint, (Dkt. Nos. 1-3) and all other relevant papers in deciding this motion, which was noted for May 6, 2005. The Court notes that the Government failed to respond to Plaintiff's Motion. Under Local Civil Rule 7(b)(2): "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The language of this rule is permissive, meaning that the Court may apply it in its discretion, given the nature of the motion before it. In this case, the Court finds that it does not have mandamus jurisdiction over this action and must DENY Plaintiff's Motion and DISMISS this case.

## BACKGROUND

    Plaintiff Robert Edwards, a Canadian national, pled guilty to Subscribing to a False Tax Return in October, 2000. As a result of this guilty plea, Mr. Edwards was adjudicated inadmissible to the United States. Mr. Edwards has no other criminal record.

ORDER - 1

Mr. Edwards resides in Vancouver, B.C. and is President and C.E.O. of Bitron Global Systems. As part of his work, Mr. Edwards would like to travel to the U.S. in order to meet with distributors of his company's products and attend business meetings. On November 28, 2002, Mr. Edwards submitted an Application for Advance Permission to Enter as a Non-Immigrant to the INS. He has been awaiting adjudication of his Application since that time, with no response from the agency. Mr. Edwards now submits this Motion for mandamus, asking that this Court issue an Order compelling DHS to adjudicate his Application in his favor.

## ANALYSIS

Under 28 U.S.C. §1361, [t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." It is within the discretion of the court to issue mandamus if "(1) the plaintiff's claim is clear and certain; (2) the duty of the officer is 'ministerial and so plainly prescribed as to be free from doubt;' and (3) no other adequate remedy is available." Fallini v. Hodel, 783 F. 2d 1343, 1345 (9th Cir. 1986). Here, the Court does not have jurisdiction to order the DHS to render an adjudication in this case, because it is unclear that DHS has a duty to do so within any particular time frame. The waiver statute does not provide any time frame in which DHS must render an adjudication. INA §212(d)(3). Other Courts have held that where an alien has sought mandamus from a district court to expedite immigration proceedings, mandamus jurisdiction does not lie because there is generally no legal right to adjudication within a certain time frame. See e.g. Assare v. Ferro, 999 F. Supp. 657 (D. Md. 1998); Moreno-Suarez v.Reno, 940 F. Supp. 150 (W.D. La. 1996). Accordingly, the Court must DENY Plaintiff's Motion for Mandamus and Injunctive Relief. Because this is the only relief sought in the Complaint, the case is also DISMISSED.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

ORDER - 2

1  Dated: June 6, 2005.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 3